UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM LEE GRANT, II,

    Plaintiff,                                 Case No. 3:20-cv-333

vs.

JAMES A. BAKER, III, *et al*.,           District Judge Douglas R. Cole
                                                Magistrate Judge Michael J. Newman

    Defendants.

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS UNDER 28 U.S.C. § 1915; (2) SERVICE OF PROCESS NOT ISSUE; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**
_____

This civil case is before the Court on *pro se* Plaintiff's complaint in which he purports to assert civil rights violations under 42 U.S.C. § 1985. Doc. 2. Plaintiff previously moved to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, a motion the undersigned granted on August 17, 2020. Doc. 1. Because Plaintiff is proceeding IFP, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is "frivolous or malicious or fails to state a claim upon which relief may be granted." *Johnson v. City of Wakefield*, 483 F. App'x 256, 260 (6th Cir. 2012); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003). Pending this initial review, the undersigned has held service of process.

In his *pro se* complaint, Plaintiff sets forth a bizarre array of allegations and conspiracy theories that can aptly be characterized as "describing fantastic or delusional scenarios"; thus, satisfying the definition of frivolousness. *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989). In fact, Plaintiff's complaint here contains similar, if not identical, allegations to those he has

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.


attempted to assert in a multitude of other actions deemed frivolous by federal courts throughout the country.  *See e.g. Grant v. Office of Sec'y of Def.*, No. 5:19-CV-01566-LCB, 2019 WL 4917916, at *1 (N.D. Ala. Oct. 4, 2019); *Grant v. Cent. Intelligence Agency*, No. 19-CV-13422, 2019 WL 6218676, at *2 (E.D. Mich. Nov. 21, 2019); *Grant v. U.S. Dep't of the Treasury*, No. 6:18-CV-291-RWS, 2018 WL 3748415, at *1 (E.D. Tex. June 25, 2018); *Grant v. U.S. Dep't of Def.*, No. CV 19-00663 JAO-WRP, 2019 WL 7116353, at *1 (D. Haw. Dec. 23, 2019); *Grant v. Cent. Intelligence Agency*, No. 19-CV-5607, 2020 WL 247531 (E.D. Pa. Jan. 16, 2020); *Grant v. Cent. Intelligence Agency*, No. 1:19-CV-350, 2019 WL 6683858 (W.D. Pa. Dec. 6, 2019); *Grant v. U.S. Dep't of Def.*, No. 819CV03545DCCJDA, 2020 WL 1878178 (D.S.C. Jan. 8, 2020), *report and recommendation adopted sub nom. Grant v. US Dep't of Def.*, No. 8:19-CV-03545-DCC, 2020 WL 1876266 (D.S.C. Apr. 15, 2020); *Grant v. Cent. Intelligence Agency*, No. CV 19-13747, 2019 WL 7329093, at *2 (E.D. La. Dec. 11, 2019), *report and recommendation adopted*, No. CV 19-13747, 2019 WL 7291057 (E.D. La. Dec. 30, 2019); *Grant v. Illinois*, No. 4:19-CV-2927 JAR, 2019 WL 5864580, at *2 (E.D. Mo. Nov. 7, 2019); *Grant v. U.S. Dep't of Def.*, No. 19-CV-979-NJR-GCS, 2019 WL 6728878 (S.D. Ill. Dec. 11, 2019).

Plaintiff even previously asserted the same or similar allegations in a *pro se* complaint filed in the Eastern Division of this Court.  *See* Civil Liberties Complaint, *Grant v. Cent. Intelligence Agency*, No. 2:19-cv-5052 (S.D. Ohio Nov. 22, 2019), ECF No. 2.  Like all other cases cited *supra*, Plaintiff's action in the Eastern Division of this Court was also found to be frivolous and was dismissed on initial review pursuant to § 1915.  *Grant v. Cent. Intelligence Agency*, No. 2:19-CV-5052, 2019 WL 6251367, at *2 (S.D. Ohio Nov. 22, 2019), *report and recommendation adopted* 2019 WL 6726912 (S.D. Ohio Dec. 11, 2019).

Based on the foregoing, Plaintiff's complaint here is not only frivolous as fantastic and delusional, it is also frivolous as duplicative of numerous other cases he has filed throughout the United States. *See Hudson v. Hood*, No. 17-1455, 2018 WL 5294849, at *1 (6th Cir. Aug. 28, 2018) ("A duplicative action is subject to dismissal for frivolity or malice under § 1915(e)"). Accordingly, the undersigned **RECOMMENDS** that: (1) Plaintiff's *pro se* complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915; (2) service of process not issue; and (3) this action be **TERMINATED** on the Court's docket.

Date:  August 28, 2020                    s/ Michael J. Newman
                                                                    Michael J. Newman
                                                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).